IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIV. ACT. NO. 2:12-cv-324-WKW ) |
| PROGRESSIVE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered on April 13, 2012, this court denied plaintiff's motion to proceed *in forma pauperis* in this action and directed plaintiff to pay the civil action filing fee on or before April 27, 2012. The court warned plaintiff that if she failed to pay the filing fee within the time allowed, this action may be dismissed. (Doc. # 4). Plaintiff filed a motion seeking waiver of fees on April 18, 2012; the court denied the motion the following day. (Docs. ## 5, 6). In the absence of an order allowing her to proceed *in forma pauperis*, plaintiff must pay the civil action filing fee. See 28 U.S.C. §§ 1914, 1915. Plaintiff has not paid the filing fee and has not sought an extension of time to do so.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED without prejudice due to plaintiff's failure to pay the filing fee within the time allowed by the court.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any

objections to this Recommendation on or before May 22, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 8th day of May, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE